IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY M. GEREB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1974-M-BN |
| | § | |
| WARDEN CHANDLER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening under 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Timothy M. Gereb, a federal prisoner proceeding *pro se*, brings this civil rights action alleging that he is being denied proper medical care for a number of illnesses including depression, anxiety, severe pain, insomnia, gastrointestinal problems, multiple sclerosis, and fibromyalgia. *See* Dkt. No. 3. He asks for the Court's assistance in obtaining proper care. *See id.*

The undersigned now concludes that Plaintiff's complaint should be transferred to the Fort Worth Division of the Northern District of Texas.

**Legal Standards**

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. Louisiana State Univ.,* 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that

venue is proper in a judicial district: (1) where any defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b). The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

## Analysis

Plaintiff's claims arise out of events occurring at the Federal Correctional Institution in Ft. Worth, Texas ("FCI Ft. Worth"). Plaintiff is incarcerated in FCI Ft. Worth, and it appears that Defendants are two wardens and two healthcare providers that work in the same facility.

FCI Ft. Worth is located in Tarrant County which lies within the Ft. Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2).

## Recommendation

Because all parties to this action are located in Tarrant County, Texas, and because Plaintiff's claims arise out of events occurring in Tarrant County, this action should be transferred to the Ft. Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 4, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE